# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00134-MR

DENNIS ROGER VAN DYKE,         )
                               )
             Plaintiff,        )
                               )
        vs.                    )        ORDER
                               )
RICK FOSTER, et al.,           )
                               )
             Defendants.       )
                               )

**THIS MATTER** is before the Court on an initial review of the *pro se* Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).

Plaintiff was a prisoner of the State of North Carolina who was confined in the Greene Correctional Institution when he mailed the present complaint to the Clerk's office.[1] In his Complaint, Plaintiff alleges, among other things, that he has been subjected to cruel and unusual punishment while incarcerated, in contravention of the Eighth Amendment; that he has been falsely imprisoned; and that judicial officers that he has named as defendants

---

[1] According to the website maintained by the North Carolina Department of Public Safety, Plaintiff was released from State custody on May 10, 2016.

have erroneously dismissed his § 1983 complaints. He also asserts in a conclusory fashion that his Fourth, Fifth, and Sixth Amendment rights have been violated. [Doc. 1 at 4].

Plaintiff has filed numerous § 1983 complaints in this District. He has been allowed to proceed *in forma pauperis* on more than three occasions, and more than three of the complaints have been dismissed under 28 U.S.C. § 1915A(b).[2] See Vandyke v. Abernathy, et al., 1:16-cv-00062 (W.D.N.C. Mar. 18, 2016) (citing Vandyke v. Butner Reg'l Forensic Adm'r, 1:12-cv-00149-RJC (W.D.N.C. July 18, 2012) (collecting cases).

The Prisoner Litigation Reform Act (PLRA) provides an express limitation on a prisoner's ability to file a § 1983 complaint providing, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[2] Section 1915A(b) provides that the court shall dismiss a prisoner complaint if it is frivolous, malicious or fails to state a claim for relief, or if it seeks monetary damages from a defendant that is immune from that relief. 28 U.S.C. § 1915A(b).

28 U.S.C. § 1915(g). Plaintiff's Complaint does not fall within the scope of this statute. Plaintiff has failed to fairly allege that he is under imminent danger of serious physical injury. Therefore, his Complaint is subject to dismissal pursuant to § 1915(g).³

Even if Plaintiff's Complaint were not barred by this "three strike rule", Plaintiff's claims against the judicial officers would be barred by the doctrine of judicial immunity and therefore subject to dismissal. See Imbler v. Pachtman, 424 U.S. 409, 424 n.12, n.20 (1976) (discussing longstanding history of judicial immunity).⁴ Plaintiff's claims against Attorney Rick Foster are also subject to dismissal. See Polk Cty. v. Dodson, 454 U.S. 312, 317-121 (1981) (finding that privately retained or publicly appointed lawyers do not become a state actor under § 1983 by virtue of their representation). Finally, to the extent Plaintiff is challenging the legality of his confinement, the Court finds that this claim sounds in habeas and therefore he must raise this challenge, if at all, in a petition filed pursuant to 28 U.S.C. § 2241 (federal

---

³ Because Plaintiff was incarcerated at the time he filed his Complaint, he is subject to the provisions of the PLRA. Harris v. City of New York, 607 F.3d 18, 22 (2d Cir. 2010).

⁴ While Plaintiff contends that the judicial defendants have wrongfully dismissed some of his prior § 1983 complaints, the correct manner of challenging an incorrect legal determination is an appeal, rather than the filing of a new action against the presiding judicial officer.

sentence) or § 2254 (state sentence).  Based on the foregoing, the Court finds that Plaintiff's § 1983 Complaint should be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE**.  The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED**.

Signed: June 3, 2016

Martin Reidinger
United States District Judge